UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER NUNN BISHOP, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RED HAT, INC, SOHAIB ABBASI, W. STEVE ALBRECHT, CHARLENE T. BEGLEY, NARENDRA K. GUPTA, KIMBERLY L. HAMMONDS, WILLIAM S. KAISER, KEVIN M. MURAI, JAMES M. WHITEHURST, and ALFRED W. ZOLLAR, <br><br> Defendants. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on October 28, 2018 (the "Proposed Transaction"), pursuant to which Red Hat, Inc. ("Red Hat" or the "Company") will be acquired by International Business Machines Corporation ("IBM").

2. On October 28, 2018, Red Hat and IBM entered into a merger agreement (the "Merger Agreement"). Pursuant to the Merger Agreement, IBM will acquire all of the issued and

1

outstanding common shares of Red Hat for $190.00 per share in cash, representing a total enterprise value of approximately $34 billion.

3. The Proposed Transaction is subject to Red Hat shareholder approval and is expected to close "in the latter half of 2019."

4. On December 12, 2018, Red Hat filed a Definitive Proxy Statement (the "Proxy Statement") with the U.S. Securities and Exchange Commission ("SEC"). The Proxy Statement scheduled a stockholder vote on the Proposed Transaction for January 16, 2019.

5. The Proxy Statement omits material information concerning the two financial advisory firms engaged by Red Hat in connection with the Proposed Transaction – Guggenheim Securities, LLC ("Guggenheim Securities") and Morgan Stanley & Co. LLC ("Morgan Stanley"). Specifically, and as detailed herein, the Proxy Statement omits to disclose to Red Hat stockholders: (i) the amounts of (a) the "agreed upon fees" that Guggenheim Securities *received from Red Hat* for its engagement "as a consultant to Red Hat with respect to various strategic and financial alternatives" and (b) the "agreed upon fee" that Guggenheim Securities *received from IBM* for acting "as financial advisor to IBM in connection with its acquisition of Promontory Financial Group, LLC"; and (ii) the "expected net payment to be made by the Company to Morgan Stanley" should the closing of the Merger occur prior to the expiration of certain convertible note hedge and warrants transactions.

6. As a result of omitting this material information, the Proxy Statement is false and misleading, and violates Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

8. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

10. Plaintiff Christopher Nunn Bishop is a stockholder of Red Hat and has owned Red Hat common stock at all material times alleged in this Complaint.

11. Defendant Red Hat is a leading provider of open source software solutions, using a community-powered approach to develop and offer reliable and high-performing operating system, virtualization, management, middleware, cloud, mobile and storage technologies. Red Hat is a Delaware corporation and maintains its principal headquarters at 100 East Davie Street, Raleigh, North Carolina 27601. Red Hat's common stock is listed on the New York Stock Exchange ("NYSE") under the ticker symbol "RHT."

12. Defendant Sohaib Abbasi has been a Red Hat director since 2011.

13. Defendant W. Steve Albrecht has been a Red Hat director since 2011.

14. Defendant Charlene T. Begley has been a Red Hat director since 2014.

15. Defendant Narendra K. Gupta has been a Red Hat director since 2015, and Chairman of the Board of Directors since 2017.

16. Defendant Kimberly L. Hammonds has been a Red Hat director since 2015.

17. Defendant William S. Kaiser has been a Red Hat director since 1998.

18. Defendant Kevin M. Murai has been a Red Hat Director since September 2018.

19. Defendant James M. Whitehurst has been Red Hat's Chief Executive Officer ("CEO") and a Company director since 2008.

20. Defendant Alfred W. Zollar has been a Red Hat director since May 2018.

21. The defendants listed in paragraphs 12 through 20 above are collectively referred to herein as the "Red Hat Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22. Red Hat is a leading provider of open source software solutions, using a community-powered approach to develop and offer reliable and high-performing operating system, virtualization, management, middleware, cloud, mobile and storage technologies. The Company employs an open source development model, which allows Red Hat to use the collective input, resources and knowledge of a global community of contributors who can collaborate to develop, maintain and enhance software because the human-readable source code for that software is publicly available and licenses permit modification.

*Red Hat Engages Guggenheim Securities as Financial Advisor; Guggenheim Meets with IBM*

23. According to the Proxy Statement, "[s]ince October 2016, Guggenheim Securities has rendered advice to Red Hat regarding various strategic and financial matters."

24. The Proxy Statement reports that "[d]uring the course of Guggenheim Securities' engagement, representatives of Guggenheim Securities interacted, on Red Hat's behalf, with

4

various companies in the software and technology industries, including IBM, and offered general perspectives on the technology landscape and operating environment for Red Hat's offerings including hybrid multi-cloud solutions."

25. Additionally, the Proxy Statement states that "[d]uring the period from October 2017 to December 2017, representatives of Guggenheim Securities met with representatives of IBM to discuss Red Hat, including regarding a potential commercial partnership and other strategic alternatives."

26. Further, the Proxy Statement reports that "[o]n September 23, 2018, representatives of Guggenheim Securities met with a senior executive of IBM at the senior executive's request to discuss the businesses and prospects of each of IBM and Red Hat generally and more specifically, IBM's interest in potentially pursuing a strategic transaction with Red Hat."

*Red Hat and IBM Negotiate the Proposed Transaction*

27. According to the Proxy Statement, on September 27, 2018, Ginni Rometty (IBM's Chairman, President and CEO) provided Mr. Whitehurst (Red Hat's CEO) with a written proposal "outlining IBM's offer to acquire 100% of the equity securities of Red Hat at a price of $185 per share in cash, with the goal to preserve the independent brand and culture of Red Hat, including the goal of retaining substantially all of Red Hat's management team."

28. The Proxy Statement reports that the Red Hat Board held a special meeting on September 30, 2018 to discuss IBM's proposal. During that special meeting:

> The Red Hat Board of Directors sought the advice of Guggenheim Securities regarding IBM's offer and also potential additional counterparties that might be able to offer a compelling value in excess of the price offered by IBM. Representatives of Guggenheim Securities discussed with the Red Hat Board of Directors the industrial logic for IBM to pursue an acquisition of Red Hat and compared the industrial logic for a company like IBM to the logic that might be applicable to other potential counterparties. The Red Hat Board of Directors requested Guggenheim Securities and management to develop a list of potentially

5

> interested parties and an assessment of the parties' strategic rationale for potentially acquiring Red Hat.

Further according to the Proxy Statement, although "the Red Hat Board of Directors concluded that the initial offer from IBM was inadequate," the Board "authorized further exploration of a transaction with IBM and also authorized Red Hat's senior management to engage in limited, price-confirmatory due diligence discussions with IBM in order to provide IBM with information necessary to enable IBM to increase its offer price."

29. The Proxy Statement indicates that the Red Hat Board held a special meeting on October 1, 2018 to continue its discussions regarding a potential transaction with IBM, and that representatives from Guggenheim Securities attended that special meeting.

30. The Proxy Statement further reports that the Red Hat Board held a special meeting on October 8, 2018. During that special meeting:

> Representatives of Guggenheim Securities then discussed with the Red Hat Board of Directors matters relating to, among other things, the competitive landscape in which Red Hat operates and a preliminary review of the financial aspects of IBM's proposal, including trading multiples of peer companies, recent M&A activity in the technology and software sectors, the increased competitive and pricing pressures that Red Hat could expect to confront as enterprises moved to public, private and hybrid cloud solutions and preliminary financial analyses with respect to Red Hat based on the forecasts.

***Red Hat Engages Morgan Stanley as Second Financial Advisor and Continues to Negotiate the Proposed Transaction with IBM***

31. During the Red Hat Board's October 8, 2018 special meeting, and according to the Proxy Statement, "the Red Hat Board of Directors discussed and considered whether Red Hat should engage a second financial advisor. Following discussion among the directors the Red Hat Board of Directors directed Mr. Whitehurst to contact Morgan Stanley." The Proxy Statement subsequently details:

Also, on October 8, 2018, Mr. Whitehurst contacted Morgan Stanley to discuss engaging Morgan Stanley to act as a financial advisor in connection with a potential transaction. Red Hat retained Morgan Stanley as its financial advisor based on Morgan Stanley's qualifications, expertise and reputation, its knowledge of and involvement in recent transactions in the software industry and its knowledge of Red Hat's business and affairs.

32. The Proxy Statement represents that on October 16, 2018, the Red Hat Board held a special meeting to receive an update regarding the status of discussions with IBM (and with other potential strategic business partners identified in the Proxy Statement as "Party B" and "Party C"). During that special meeting:

> Representatives of Morgan Stanley then reviewed with the Red Hat Board of Directors the potential accretive effects of the transaction on IBM, and Morgan Stanley's preliminary assessment of IBM's capability and willingness to pay more than its then current offer of $185 per share. Thereafter, representatives of Guggenheim Securities discussed with the Red Hat Board of Directors the potential strategic benefits to IBM of acquiring Red Hat, including the realization by incumbent technology providers, such as IBM, that Kubernetes-based orchestration platforms such as Red Hat's OpenShift are a key element of the emerging hybrid multi-cloud architecture and infrastructure.

33. According to the Proxy Statement, on October 19, 2018, Mrs. Rometty contacted Mr. Whitehurst "to present a revised proposal to acquire all outstanding shares of Red Hat common stock at a price of $190.00 per share in cash," and that the revised offer "was conditioned upon IBM and Red Hat finalizing and announcing the transaction early in the week of October 29, 2018 and entering into an exclusivity agreement through the end of that week."

34. The Proxy Statement further reports that on October 21, 2018, the Red Hat Board held a special meeting to continue discussions concerning a potential transaction. The Board's October 21, 2018 special meeting was attended by Guggenheim Securities and Morgan Stanley.

35. According to the Proxy Statement, on October 25, 2018, the Red Hat Board held a special meeting to continue discussions concerning a potential transaction. During that special meeting:

Representatives of Guggenheim Securities then discussed with the Red Hat Board of Directors matters relating to, among other things, the price per share offered by IBM compared to certain precedent transactions based upon certain valuation metrics and delivered a presentation to the Red Hat Board of Directors regarding preliminary financial analyses with respect to Red Hat based on the forecasts. Representatives of Morgan Stanley also discussed with the Red Hat Board of Directors matters relating to the premium offered by IBM compared with premiums paid in other software transactions during the past five years and delivered a presentation to the Red Hat Board of Directors regarding preliminary financial analyses with respect to Red Hat based on the forecasts.

36. On October 28, 2018, the Proxy Statement reports that the Red Hat Board "met to consider IBM's offer and the terms of the merger agreement." During that meeting:

Guggenheim Securities reviewed with the Red Hat Board of Directors Guggenheim Securities' financial analysis of the merger consideration . . . and rendered an oral opinion, confirmed by delivery of a written opinion dated October 28, 2018, to the Red Hat Board of Directors to the effect that, as of that date and based on and subject to the matters considered, the procedures followed, the assumptions made and various limitations of and qualifications to the review undertaken, the merger consideration was fair, from a financial point of view, to Red Hat stockholders.

37. Further according to the Proxy Statement, during the Red Hat Board's October 28, 2018 meeting:

Representatives of Morgan Stanley then reviewed with the Red Hat Board of Directors Morgan Stanley's financial analysis of the merger consideration . . . and rendered to the Red Hat Board of Directors its oral opinion that, as of October 28, 2018 and based upon and subject to the assumptions made, procedures followed, matters considered and qualifications and limitations on the scope of review undertaken by Morgan Stanley as set forth in its written opinion, the merger consideration to be received by Red Hat stockholders pursuant to the merger agreement was fair, from a financial point of view, to such Red Hat stockholders (such opinion was subsequently confirmed by delivery of a written opinion dated October 28, 2018 following the meeting).

38. Finally, the Proxy Statement reports that during the Red Hat Board's October 28, 2018 meeting:

[T]he Red Hat Board of Directors unanimously (i) determined that the terms of the merger agreement, the merger and the other transactions contemplated by the merger agreement are fair to and in the best interests of Red Hat and its stockholders; (ii) adopted, approved and declared advisable the execution, delivery

8

and performance of the merger agreement, the merger and the other transactions contemplated by the merger agreement; (iii) approved, authorized and declared advisable the consummation by Red Hat of the transactions contemplated by the merger agreement; (iv) resolved to recommend that Red Hat stockholders vote in favor of the adoption and approval of the merger agreement, the merger and other transactions contemplated by the merger agreement; and (v) resolved to submit the merger agreement to Red Hat stockholders for adoption at a duly held meeting of such stockholders. In connection with the execution of the merger agreement, certain of Red Hat's executive officers entered into retention arrangements with IBM and new restrictive covenant agreements with IBM.

39. On October 28, 2018, Red Hat and IBM issued a joint press release announcing the execution of the Merger Agreement. Pursuant to the terms of the Merger Agreement, Red Hat stockholders will receive $190.00 per share in cash for their shares of Red Hat common stock. According to a Red Hat press release announcing the Proposed Transaction:

> The acquisition has been approved by the boards of directors of both IBM and Red Hat. It is subject to Red Hat shareholder approval. It also is subject to regulatory approvals and other customary closing conditions. It is expected to close in the latter half of 2019.

***Red Hat Issues the Materially Deficient Proxy Statement, Which Omits Material Information***

40. On December 12, 2018, Red Hat filed the Proxy Statement with the SEC in connection the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for January 16, 2019. Approval of the Proposed Transaction requires the affirmative vote of a majority of votes cast by holders of Red Hat common stock.

41. The Proxy Statement fails to disclose plainly material information necessary to permit Red Hat stockholders to cast a fully informed vote on the Proposed Transaction. Specifically, the Proxy Statement fails to disclose material information concerning the two financial advisory firms engaged by Red Hat in connection with the Proposed Transaction – Guggenheim Securities and Morgan Stanley.

***Guggenheim Securities***

42. As detailed above, Guggenheim Securities was engaged by the Company as a financial advisor since October 2016, and according to the Proxy Statement, "has rendered advice to Red Hat regarding various strategic and financial matters."

43. The Proxy Statement reports that representatives of Guggenheim Securities attended the Red Hat Board's October 28, 2018 meeting, and "reviewed with the Red Hat Board of Directors Guggenheim Securities' financial analysis of the merger consideration . . . and rendered an oral opinion, confirmed by delivery of a written opinion . . . [that] the merger consideration was fair, from a financial point of view, to Red Hat stockholders."

44. As one of the financial advisors to Red Hat in connection with the Proposed Transaction, the Proxy Statement reports that Guggenheim Securities will receive a cash transaction fee "upon consummation of the merger, which cash transaction fee currently is estimated to be approximately $79.5 million."

45. Regarding Guggenheim Securities' recent financial advisory engagements concerning the parties to the Merger Agreement, the Proxy Statement reports:

> During the two years prior to the rendering of its opinion, Guggenheim Securities had previously been engaged by each of Red Hat and IBM to provide financial advisory or investment banking services in connection with matters unrelated to the merger, for which Guggenheim Securities received compensation. ***Specifically, during the past two years Guggenheim Securities was engaged as a consultant to Red Hat with respect to various strategic and financial alternatives and received agreed upon fees*** (including, among other matters, in respect of Red Hat's acquisition of CoreOS, Inc. in 2018). ***In addition, Guggenheim Securities acted as financial advisor to IBM in connection with its acquisition of Promontory Financial Group, LLC, which closed in November 2016 and for which Guggenheim Securities received an agreed upon fee.*** Guggenheim Securities may seek to provide Red Hat, IBM and their respective affiliates with certain financial advisory and investment banking services unrelated to the merger in the future, for which services Guggenheim Securities would expect to receive compensation. (Emphasis added)

46. However, the Proxy Statement fails to disclose to Red Hat stockholders the amounts of (i) the "agreed upon fees" that Guggenheim Securities received *from Red Hat* for its engagement "as a consultant to Red Hat with respect to various strategic and financial alternatives" and (ii) the "agreed upon fee" that Guggenheim Securities received *from IBM* for acting "as financial advisor to IBM in connection with its acquisition of Promontory Financial Group, LLC."

47. This omitted information is material to investors as it may have directly impacted the motivations of Guggenheim Securities in connection with its role as a financial advisor to Red Hat, and it is imperative for Red Hat stockholders to be able to understand what factors might have influenced Guggenheim Securities' analytical efforts in providing its fairness opinion on the Proposed Transaction to stockholders. The omission of this material information from the Proxy Statement thus renders the Proxy Statement false and misleading.

*Morgan Stanley*

48. As detailed above, Morgan Stanley was engaged by the Company as a financial advisor in October 2018. According to the Proxy Statement, "Red Hat retained Morgan Stanley as its financial advisor based on Morgan Stanley's qualifications, expertise and reputation, its knowledge of and involvement in recent transactions in the software industry and its knowledge of Red Hat's business and affairs."

49. The Proxy Statement reports that representatives of Morgan Stanley attended the Red Hat Board's October 28, 2018 meeting, and "reviewed with the Red Hat Board of Directors Morgan Stanley's financial analysis of the merger consideration . . . and rendered to the Red Hat Board of Directors its oral opinion that . . . the merger consideration to be received by Red Hat stockholders pursuant to the merger agreement was fair, from a financial point of view, to such Red Hat stockholders."

11

50. As one of the financial advisors to Red Hat in connection with the Proposed Transaction, the Proxy Statement reports that Morgan Stanley will receive "a fee of not less than approximately $43.3 million for its services, approximately $6.5 million of which was paid in connection with the delivery of the fairness opinion and approximately $36.8 million of which is contingent upon consummation of the merger."

51. Also detailed in the Proxy Statement is the fact that "Morgan Stanley is a counterparty to Red Hat with respect to certain convertible note hedge and warrants transactions entered into in connection with Red Hat's issuance of $805 million principal amount of convertible notes due in 2019." In connection therewith, the Proxy Statement reports that:

> ***The consummation of the merger, to the extent it occurs prior to the expiration of the warrants transactions, will result in the unwind of warrants, and an expected payment to be made by Red Hat to Morgan Stanley, in an amount to be calculated at the time of closing of the merger***. As of the date hereof, in connection with early conversions by holders of the convertible notes, a substantial portion of the convertible note hedge transaction has been exercised by Red Hat. Based on the current share price of Red Hat and remaining time to maturity of the convertible notes in 2019, all or a substantial portion of the remaining convertible note hedge transaction may be exercised prior to closing of the merger. (Emphasis added)

52. However, the Proxy Statement fails to disclose to Red Hat stockholders any indication as to the potential range of such "expected net payment to be made by the Company to Morgan Stanley" should the closing of the Merger occur prior to the expiration of the convertible note hedge and warrants transactions.

53. This omitted information is material to investors as it may have directly impacted the motivations of Morgan Stanley in connection with its role as a financial advisor to Red Hat, and it is imperative for Red Hat stockholders to be able to understand what factors might have influenced Morgan Stanley's analytical efforts in providing its fairness opinion on the Proposed

12

Transaction to stockholders. The omission of this material information from the Proxy Statement thus renders the Proxy Statement false and misleading.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

54. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Red Hat (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

55. This action is properly maintainable as a class action.

56. The Class is so numerous that joinder of all members is impracticable. As of October 5, 2018, there were approximately 175,973,678 shares of Red Hat common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

57. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm Plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

58. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

59. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the

interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

60. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## COUNT I

**Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Red Hat**

61. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Red Hat is liable as the issuer of these statements.

63. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

64. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

65. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

14

66. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

67. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

68. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

69. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70. The Individual Defendants acted as controlling persons of Red Hat within the meaning of Section 20(a) of the 1934 Act, as alleged herein. By virtue of their positions as officers and/or directors of Red Hat and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

71. Each of the Individual Defendants were provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

15

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

73. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

74. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: December 21, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**KASKELA LAW LLC**
D. Seamus Kaskela
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (888) 715–1740
Facsimile: (484) 258–1585
Email: skaskela@kaskelalaw.com

*Attorneys for Plaintiff*